CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 15 2019

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONALD EUGENE CASEY,** | **CASE NO. 7:18CV00495** |
| **Plaintiff,** | |
| v. | **ORDER** |
| **J.A. WOODSON, WARDEN, ET AL.,** | **By: Hon. Glen E. Conrad** |
| | **Senior United States District Judge** |
| **Defendants.** | |

Plaintiff Donald Eugene Casey has filed a motion for interlocutory injunctive relief. After review of the motion and the record, the court concludes that the motion must be denied.

The initial complaint in this prisoner civil rights action under 42 U.S.C. § 1983 concerns an incident in August 2018, when officials at Augusta Correctional Center ("Augusta") placed Casey on strip cell status after he requested mental health treatment. The defendants are officials at Augusta. In his current motion, Casey alleges that at Sussex II State Prison ("Sussex II") where he is now confined, officials have lost or destroyed mailings that Casey had addressed to the court for this case.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. Casey fails to state any facts connecting the conduct underlying his mental health claims in the complaint, to the harms he seeks to prevent at Sussex II through his current motion. Moreover, the individuals he seeks to enjoin are not defendants in this case and are located at Sussex II, in the Eastern District of Virginia.

For the reasons stated, it is hereby

**ADJUDGED AND ORDERED**

that plaintiff's motion for interlocutory injunctive relief, ECF No. 18, is **DENIED**.[1]

The clerk will send a copy of this order to plaintiff and to counsel for defendants.

**ENTER:** This 5th day of February, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

---

[1] Casey's motion is dated February 11, 2019, just five days after the second incident concerning the mailroom officials at Sussex II State Prison. Thus, it is clear that he did not take time to exhaust administrative remedies about his legal mail issues there, as required under 42 U.S.C. § 1997e(a) before filing this motion. Moreover, if Casey wishes to take separate legal action concerning these issues, he must do so by filing a new civil action in the United States District Court for the Eastern District of Virginia, rather than in this court.