IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD EUGENE CASEY,** ) | | |
| Plaintiff, ) | Civil Action No. 7:18cv00495 | |
| ) | | |
| v. ) | **MEMORANDUM ORDER** | |
| ) | | |
| **J. A. WOODSON, ET AL.,** ) | By: Pamela Meade Sargent | |
| Defendants. ) | United States Magistrate Judge | |

The plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials unfairly disciplined him for requesting mental health treatment. The case is currently before me on the plaintiff's motion seeking leave to file an Amended Complaint to raise new claims under the Americans with Disabilities Act, ("ADA"), and the Rehabilitation Act, ("Rehab Act"), in addition to violations of the plaintiff's constitutional rights as alleged in the Complaint. After review of the record, the court must deny the motion as futile.

I.

In brief, plaintiff Donald Eugene Casey's Complaint alleged that on August 24, 2018, he did not retaliate after another inmate assaulted him; the next day, Casey sought mental health services based on "vivid and violent thoughts of manic proportion" he had been experiencing, but services were not available. (ECF No. 1, ("Complaint"), at 4.). Defendants moved Casey to a single cell away from his assailant, but later placed him on strip cell status, charged him with a serious disciplinary infraction, allowed him to accept a penalty offer for loss of all earned good conduct time and increased his security level. At this point in the litigation, Casey's remaining claims are (a) that his disciplinary charge was retaliation for his exercise of his First Amendment right to request mental health treatment, and (b) the

imposition of the disciplinary penalty without providing the requested mental health assessment violated due process.  In Casey's Motion to Amend, he contends that in relation to these events, he suffered discrimination on the basis of a disability, and he seeks to add claims under the ADA and the Rehab Act. The defendants argue that Casey's proposed amendment should be denied because it is time-barred and does not relate back to the claims remaining before the court. After review of the record, the court agrees.

## II.

Section 1983, the statute under which Casey presented his initial Complaint in 2018, permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  His motion for leave to amend seeks to add claims under the ADA and the Rehab Act.

> Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs, or activities of a *public entity*.  To make out a prima facie case under the ADA, Plaintiff must show that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) "he was excluded from the employment or benefit due to discrimination solely on the basis of the disability."

*Young v. Barthlow*, No. RWT-07-662, 2007 WL 5253983, at *1 (D. Md. Nov. 7, 2007), *aff'd*, 267 F. App'x 250 (4th Cir. Feb. 27, 2008) (unpublished) (emphasis added).[1]

> To establish a violation of the RA, Plaintiff must show he: (1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a *public entity* which receives federal funds; and

---

[1] The court has omitted internal quotation marks, alterations and citations here and throughout this memorandum opinion, unless otherwise noted.

>  (3) was excluded from the program or activity due to discrimination based solely on his disability. *See* 29 U.S.C. § 794(a).

*Young*, 2007 WL 5253983, at *2 (emphasis added). The term "public entity" for either of these statutes does not include individuals. *Young*, 2007 WL 5253983, at *2.

Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of a complaint once as a matter of course within 21 days after serving the original pleading or within 21 days after the service of a motion under 12(b). *See* FED. R. CIV. P. 12(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), and, thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Although Title II of the ADA does not include a statute of limitations, federal law permits the selection of an analogous state law statute of limitations most similar to the federal statute at issue. *See A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 347-48 (4th Cir. 2011). Applying that principle, the one-year statute of limitations in the Virginia Rights of Persons with Disabilities Act applies to ADA claims based on events that occurred in Virginia. *See A Soc'y Without a Name*, 655 F.3d at 348. Similarly, the Rehab Act also has a one-year statute of limitations borrowed from Virginia law. *See A Soc'y Without a Name*, 655 F.3d at 347; *see, e.g., Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 224-25 (4th Cir. 1993). These applicable statutes of limitations begin to run once a claim accrues, a determination which is controlled by federal law. *See A Soc'y Without a Name*, 655 F.3d at 348. A civil rights claim accrues when the plaintiff "knows or has reason to know of the injury which is the

basis of the action." *A Soc'y Without a Name*, 655 F.3d at 348. Thus, Casey had one year from the events described in his Complaint to bring any claim under the ADA or the Rehab Act.

In this case, the events on which Casey's proposed amended claims are based occurred on August 25, 2018. Casey signed and dated his original Complaint and cover letter on October 4, 2018, although the court did not receive and docket the pleading until October 10, 2018.[2] It is well-established, however, that the civil complaint of an incarcerated, *pro se* litigant must be considered "filed" within the meaning of civil procedure rules when the prisoner delivered the complaint to prison authorities for mailing to the district court, and not when clerk of the court actually received the complaint. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (extending holding of *Houston v. Lack*, 487 U.S. 266 (1988)). Casey did not sign and date his Amended Complaint until February 6, 2021, its envelope was postmarked on February 8, 2021, and the court received and docketed the pleading on February 11, 2021. Thus, while the § 1983 claims in the Complaint were timely filed, the Amended Complaint raising ADA and Rehab Act claims was clearly not timely filed, because they were not mailed to the court within one year after the events at issue.

Under Rule 15(c), "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Rule 15(c)(2)).[3] "[R]elation back depends on the existence

---

[2] The envelope in which his Complaint arrived at the court includes a stamp indicating that it was received in the prison mailroom on October 9, 2018.

[3] The current version of Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when … [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading…." FED. R. CIV. P. 15(c)(1)(B).

of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659.

> It is well settled that "where an amendment to a complaint is allowed which does not introduce a new cause of action, the date of the commencement of suit and not the date of the amendment governs in applying the statute of limitations." *Atl. Seaboard Corp. v. Fed. Power Comm'n*, 201 F.2d 568, 571-72 (4th Cir. 1953). The negative of this statement is that an amendment which asserts a new cause of action does not relate back. Moreover, an amended complaint based upon entirely different theories, facts and occurrences does not relate back to the original complaint. *See Painter v. Mohawk Rubber Co.*, 636 F. Supp. 453, 456 (W.D. Va. 1986).

*Stidham v. Jackson*, No. 2:07cv00028, 2007 WL 2156155, at *2 (W.D. Va. July 26, 2007), *report accepted*, No. 2:07cv00028, 2007 WL 2405722 (W.D. Va. Aug. 17, 2007). "[I]t is proper for a court to deny a motion to amend when the plaintiff knew or should have known facts which formed the basis for the new claim and failed to present any valid reason why they were not previously raised." *Stidham*, 2007 WL 2156155, at *3.

Casey's Complaint raised § 1983 claims against individual prison officials. His proposed new claims under the ADA and the Rehab Act cannot be asserted against individual officials, however. Claims under both these statutes must be asserted against public entities, rather than against individuals. *See Young*, 2007 WL 5253983, at *2. Thus, Casey's Amended Complaint asserts new causes of action against new defendants. Moreover, these new claims also rely on facts that were well known, or should have been well known, to Casey when he filed the initial Complaint: that he suffered from a disability and was prevented from accessing some program or service at the prison where he was confined, even if he did not know about potential legal claims under the ADA or the Rehab Act. Casey fails to show why he could not have researched these issues sooner and included them in the initial

Complaint or in a timely motion to amend. Based on the foregoing, the court concludes that Casey's Motion For Leave To File An Amended Complaint must be denied. His proposed ADA and Rehab Act claims represent new causes of action against public entities not named as defendants in the initial Complaint. Moreover, the facts necessary to these claims were well known to Casey. Because he did not timely file these claims, and they cannot relate back to the claims against individuals that he timely filed in the initial Complaint, the proposed amended claims are futile, and the motion must be denied.

III.

For the reasons stated, it is hereby **ORDERED** that the Motion For Leave To File An Amended Complaint, (Docket Item No. 73), is **DENIED**.

**ENTERED**:  August 13, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE